UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIER 32 MARINA, a California Limited Liability Company, d/b/a PIER 32 MARINA,<br><br>                                     Plaintiff,<br><br>v.<br><br>M/V KEY OF SEA, U.S.C.G. Official No. 950014, AND ALL OF HER ENGINES, TACKLE, ACCESSORIES, EQUIPMENT, FURNISHINGS AND APPURTENANCES, in rem,<br><br>                                     Defendant. | Case No.: 23-cv-00080-AJB-AGS<br><br>**ORDER:**<br><br>**(1) GRANTING EX PARTE APPLICATION FOR ISSUANCE OF A WARRANT OF MARITIME ARREST OF THE VESSEL M/V KEY OF SEA; and**<br><br>**(2) GRANTING MOTION TO APPOINT SUBSTITUTE CUSTODIAN**<br><br>**(Doc. Nos. 3, 4)** |

      On January 17, 2023, Plaintiff Pier 32 Marina ("Plaintiff") filed a verified complaint for arrest, interlocutory sale, and money damages against Defendant vessel M/V Key of Sea, U.S.C.G. Official No. 950014, and all of her engines, tackle, accessories, equipment, furnishings and appurtenances ("M/V Key of Sea" or the "Defendant Vessel"). (Doc. No. 1.) Based on the complaint, Plaintiff simultaneously filed an Ex Parte Application for Order Authorizing Issuance of Warrant for Arrest pursuant to Rule C(3) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and a motion to appoint a substitute custodian. (Doc. Nos. 3, 4.) For good cause shown, the Court

**GRANTS** Plaintiff's Ex Parte Application for Order Authorizing Issuance of Warrant for Arrest of the vessel M/V Key of Sea and grants Plaintiff's motion to appoint Plaintiff, the owner and operator of the marina known as "Pier 32 Marina" as custodian of the vessel.

Plaintiff has agreed to assume the responsibility of safekeeping Defendant Vessel and has consented to act as her custodian until further order of this Court. (Doc. No. 4 at 2.) Plaintiff has agreed to provide the following services in connection with the safekeeping of the Defendant Vessel:

    a.    Assume custody of the Defendant Vessel from the United States Marshal at the place of her arrest (Pier 32 Marina) and maintain and provide wharfage and custodial services for her until further Order of the Court, with wharfage services to be charged at the rate of $3.50 per foot of overall vessel length (i.e., 39 feet x $3.50 = $136.50 per day), with the custodian component to be charged at the rate of fifty cents ($1.00) per foot of overall vessel length per day (*i.e.*, $1.00 x 39 feet = $39.00/day); the above rates shall not exceed those that are usual, customary and prevailing in the Port of San Diego. If it is determined that further action is necessary beyond those detailed herein Plaintiff shall notify counsel for the arresting party, so he can seek an appropriate Order from the Court;

    b.    As soon as possible after assuming custody of the Defendant Vessel, photograph and/or video tape the interior and exterior of the vessel, and prepare a written inventory of key equipment and property on the vessel which is not installed as part of the vessel, with a total cost for the above services not to exceed $200.00;

    c.    In addition to daily inspections of the exterior of the Defendant Vessel, provide interior vessel inspections twice monthly, at the rate of $50.00 per inspection, in order to examine bilges and other areas below the vessel's waterline in order to confirm they do not contain oil or excessive levels of water, to confirm bilge pump(s) are operational, to verify that no intrusion by rodents or other pests has occurred, to confirm there is no indication the vessel has been accessed by anyone other than the Substitute Custodian, and to generally inspect the vessel's interior areas for evidence of damage or other problems not present during prior interior inspections;

    d.      Provide, at rates not exceeding the usual and customary rates prevailing in the Port of San Diego, additional services such as cleaning, minor maintenance, inspection of the vessel's bottom by a diver for the purpose of cleaning and reporting findings regarding underwater hull, metal and zinc conditions, as such services are deemed reasonably prudent and necessary, with such services to be invoiced at 15% above Substitute Custodian's cost therefor;

    e.      In the absence of a Court Order the Substitute Custodian shall not run the vessel's engines or generators;

    f.      Provide other such services as may be required from time-to-time, by further Order.

(Doc. No. 4 ¶ 4.)

Plaintiff, by the Declaration of Jimi Laughery (Doc. No. 4-1), states that Pier 32 Marina has adequate facilities and supervision at its 3201 Marina Way, National City facility for the proper safekeeping of the Defendant Vessel, and that it maintains insurance policies which protect it against occurrences of negligence during its custodianship. (*Id.* ¶ 7.) Those policies are: a policy issued by Travelers Property Casualty Company of America providing general marine liability coverage with an aggregate limit of $2,000,000.00 and a per occurrence limit of $1,000,000.00, and a bumbershoot (excess) policy with an aggregate limit of $4,000,000.00; and an excess insurance policy issued by Great American Insurance Co. with aggregate and per occurrence limits of $5,000,000.00. (*Id.*) Pier 32 Marina does not maintain hull, machinery or protection indemnity insurance but is informed that the United States Marshal will secure port risk hull insurance to protect it against damages resulting from a marine casualty, and that it will deduct monies from the deposit Plaintiff provided the U.S. Marshal to cover the premiums. (*Id.*) Further, in the Declaration the substitute custodian accepts, in accordance with the terms of this Order, possession of the Defendant Vessel. (*Id.* ¶ 9.)

In consideration of the U.S. Marshal's consent to the substitution of custodian, Plaintiff agrees to release the United States and the Marshal from any and all liability and

responsibility arising out of the care and custody of the Defendant Vessel, from the time the United States Marshal transfers possession of the Defendant Vessel over to the substituted custodian, and Plaintiff further agrees to hold harmless and indemnify the United States and the U.S. Marshal from any and all claims whatsoever arising out of the substituted custodian's possession and safekeeping. (Doc. No. 4 at 4–5.)

## CONCLUSION

Having considered Plaintiff's Application and supporting papers, the Court concludes that the conditions for an action in rem under Supplemental Rule C appear to exist, and grants Plaintiff's Ex Parte Application for Order Authorizing Issuance of Warrant for Arrest of the vessel M/V Key of Sea. Additionally, the Court, for good cause shown, grants Plaintiff's motion to appoint a substitute custodian. Accordingly, the Court orders the following:

1. The Court authorizes the immediate issuance of a warrant for the arrest of the vessel M/V Key of Sea, and all of her engines, tackle, accessories, equipment, furnishings and appurtenances.

2. The Court orders the Clerk of the District Court to immediately prepare a Warrant for the Arrest of the vessel M/V Key of Sea and deliver it to the United States Marshal for the Southern District of California for service.

3. The Court orders that a copy of this Order be attached to and served with the said Warrant For Arrest In Action In Rem.

4. Any person claiming an interest in the Defendant Vessel is entitled upon request to a prompt hearing, where Plaintiff will be required to show why the arrest should not be vacated or other relief granted consistent with the Supplemental Rules for Certain Admiralty and Maritime Claims.

5. The Court orders that the United States Marshal for the Southern District is authorized and directed upon seizure of the Defendant Vessel, pursuant to Warrant for Arrest to be issued by the Clerk of this Court pursuant to this Order of the Court, to surrender the possession thereof to the substitute custodian named herein, and that upon

such surrender the U.S. Marshal will be discharged from its duties and responsibilities for the safekeeping of the Defendant Vessel and it and the United States will be held harmless from and against any and all claims whatever arising out of the substituted possession and safekeeping.

6. The Court orders that Plaintiff Pier 32 Marina be appointed the custodian of the Defendant Vessel, to retain the Defendant Vessel in its custody for possession and safekeeping for the aforementioned compensation and in accordance with the Declaration of Jimi Laughery (Doc. No. 4-1) and the recitals herein contained until further Order of this Court.

7. The substitute custodian will not sell the Defendant Vessel or release her to anyone and/or let anyone aboard her, other than permitting access as necessary to comply with its custodial duties in this action, or in the event of an emergency, or as otherwise directed by the Court.

8. The Court orders Plaintiff's attorney to serve by mail a copy of this Order to the person(s) believed to be the owner(s) of the Defendant Vessel.

**IT IS SO ORDERED.**

Dated: February 15, 2023

Hon. Anthony J. Battaglia
United States District Judge